Judge Marshall
delivered the Opinion of the Court.
Finney having, on the first day of the July term of the Estill Circuit Court, obtained a judgment by default, on a petition against Richardson, the latter, on the third day of the term, moved for a new trial on his own affidavit, and the motion having been overruled, he has appealed to this Court.
The affiant states that he intended to defend the suit, but believed that it was docketed for the third day, and *320 ¿¡d not know, until after judgment, that it was set for the first day; that there was no attorney resident in Irvine (the seat of justice for the county,) and that, on the first day of the Court, he came to town and employed an attorney; but when his attorney went to the court house to make defence to the case, judgment had been rendered; that he never executed, delivered, or acknowledged, the note sued on, and believes that he can prove it on a trial of the case; that on a fair trial, ho believes that he can defeat the plaintiff’s action, and that judgment had been previously obtained, in another court, against one of the obligors in the same note.
Taking this affidavit strictly, it may be doubted whether it discloses a sufficient defence, as the particular statement that he neither executed, delivered, nor acknowledged the note, leaves room for the inference that he may have authorized this to be done by some one for him; and it does not appear that he would have pleaded a general non est factum. But the affidavit is objectionable in other respects — in not showing that the defendant would have been ready for trial on' the third day, if the judgment had not been taken on the first, or that he had taken the necessary steps for procuring testimony by the day on which he expected the trial, or why he had not done so; and also, in not showing who the witnesses are, and what they would prove.
Even, if the mistake in the day of trial were itself excusable, it would not excuse the total omission to ¡mike any preparation for trial. Cotton vs. Brashears, 2 Marshall, 153. Ignorance of the law by which the return day of process upon petitions was changed from the third to the first day of the term, cannot be admitted as a sufficient ground for setting aside a judgment, and granting a new trial, when the party had taken no steps towards the preparation of his defence. Brevard vs. Graham, 2 Bibb, 177. Nor, does the fact that no attorney resided in the town or county in which the suit was brought, furnish sufficient ground for a new trial. It does not appear that he could not have employed an attorney attending on the circuit, before the case was in fact called for trial. But the contrary is to be presumed. Wherefore the judgment is affirmed.